**UNITED STATES of America,**
**Appellant**

v.

**Moshood F. ALATISHE.**

No. 85–5731.

United States Court of Appeals,
District of Columbia Circuit.

July 12, 1985.

Joseph E. diGenova, U.S. Atty., Washington, D.C., Michael W. Farrell, Thomas J. Tourish, Jr., Judith Hetherton and T. Mark Flanagan, Jr., Asst. U.S. Attys., Washington, D.C., were on brief, for appellant.

Charles W. Halleck, Washington, D.C., was on the brief, for appellee.

Before WRIGHT, WALD and EDWARDS, Circuit Judges.

Opinion for the Court by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

This expedited appeal presents issues concerning the construction and application of the pretrial detention provisions of the Bail Reform Act of 1984 (the Act), 18 U.S.C. § 3142 (1985). In revoking a pretrial detention order issued by a United States Magistrate pursuant to subsections 3142(e), (f) and (g) of the Act, the District Court held that the Government's pretrial detention request had been untimely. We disagree. Further, we believe that the Magistrate's detention order was issued in compliance with the requirements of the Act. Accordingly, we reverse the District Court.

## 1. Background

Moshood Alatishe was arrested on May 23, 1985, and charged with possession with intent to distribute heroin, 21 U.S.C. § 841(a) (1982). On Friday, May 24, 1985, appellee appeared before a United States Magistrate. At the time of his presentment, appellee was on probation in connection with a felony conviction in the Superior Court of the District of Columbia (Judge Walton presiding). Accordingly, pursuant to 3142(d) of the Bail Reform Act, 18 U.S.C.

§ 3142(d),[1] the Government requested the court to detain appellee for ten days to permit Judge Walton to revoke appellee's probation and take him into custody. The Magistrate granted the Government's request, ordered the defendant temporarily held without bond, and scheduled a combined detention and preliminary hearing for Tuesday, May 28, 1985, the next business day.

On May 28, the Magistrate conducted an extended hearing on the issues of probable cause and defendant's dangerousness. During the hearing, the Government presented the testimony of two police officers and counsel for the defendant cross-examined the witnesses. Following the submission of evidence and arguments, the Magistrate concluded that probable cause existed that the defendant had committed the felony offense charged. Further, the Magistrate decided to continue appellee's temporary detention pursuant to 3142(d) and await action by Superior Court Judge Walton on the request to revoke probation on appellee's prior conviction.

A brief detention status hearing was held on Thursday, May 30, 1985, which was either the fourth or the fifth day of the ten-day hold period.[2] Because Judge Walton had not yet taken any action, the Magistrate continued the proceedings until Wednesday, June 5, 1985. At the May 30 hearing, the Government made it clear that it would seek pretrial detention of the defendant in the event that Judge Walton declined to act on the petition to revoke probation.[3] The Government thereupon requested and was granted leave to file a written memorandum in support of this alternative basis for detention. This memorandum was filed on Monday, June 3.

At the June 5, 1985 hearing, defense counsel informed the Magistrate that Judge Walton had still failed to issue a commitment order. Consequently, because the temporary detention under 3142(d) was soon due to expire, the Magistrate proceeded to hear argument on the question of the continued detention of the appellee pursuant to the alternative provisions of the Bail Reform Act, 18 U.S.C. § 3142(e) and (f).[4] Appellee argued that, by initially seeking temporary detention pursuant to 3142(d), the Government had waived its right to seek pretrial detention under subsections (e) and (f). In addition, defense counsel contended that, because he had been operating on the assumption that the parties were awaiting action by the Superior Court Judge, under 3142(d), he was not prepared to proceed under 3142(e) and (f). On this point, defense counsel argued that

> the detention hearing under [subsection 3142(f) is] entirely different.... [T]he Government puts on a different proof, the rebuttable presumptions come into play, the defendant at that time has the option to come forward with evidence.... [5]

The Government countered that it believed it had initially made a request for detention under subsection (e), as well as under (d), as evidenced by its presentation at the May 28 hearing of evidence with respect to the defendant's dangerousness and likelihood of flight. In any event, the Government argued, any failure to previously request detention under subsection (e) did not constitute a waiver of the right to proceed with a hearing under subsection (f). However, noting that there had obvi-

---

1. *See* Appendix.

2. Calculation of the ten-day period excludes Saturdays, Sundays and holidays. Using this methodology, May 30 would have been the fourth day of the 10-day detention, *i.e.*, commencing with May 24. *See* 18 U.S.C. § 3142(d). It appears, however, that the Magistrate included Monday, May 27, 1985, Memorial Day, in her calculation of the ten-day period, thus making May 30 the fifth day. Furthermore, the Magistrate apparently began counting the ten days

from Friday, May 24, rather than from Tuesday May 28—the date of the combined preliminary and detention hearing.

3. *See* Transcript of the May 30, 1985, status hearing at 6.

4. *See* Appendix.

5. *See* Transcript of the June 5, 1985, status hearing at 9.

ously been a "misunderstanding," counsel for the Government stated that he had "no interest in depriving Mr. Alatishe of his right to present evidence and to proceed in any way that he might."[6] Accordingly, the Government counsel consented to holding another detention hearing comporting with the requirements of 3142(f). At that point, the Magistrate, noting that the court itself may have been responsible for the misunderstanding, stated that she would listen to the tape recordings of all prior hearings to ascertain precisely what had transpired at the earlier hearings, and, if necessary, conduct an additional detention hearing. The Magistrate thereupon continued any further proceedings until Monday, June 10, 1985, which was the earliest available date. Neither side objected to this arrangement.

On June 10, the Magistrate commenced the hearing by stating that the Government had only requested temporary detention under 3142(d) at the appellee's initial presentment. She then invited argument and any further testimony regarding appellee's pretrial detention pursuant to 3142(e) and (f). Counsel for the Government reiterated the arguments made in its memorandum submitted to the court on June 3, 1985. Specifically, the Government emphasized that, because the court had found probable cause to believe that the defendant had committed a violation of the Controlled Substances Act for which a penalty of ten years imprisonment or more was prescribed, there was a rebuttable presumption pursuant to 3142(e) that no combination of conditions could reasonably assure the appearance of the defendant and the safety of the community.

Counsel for the defendant was given an opportunity to present testimony and to examine the Government's witnesses. Although defense counsel plainly recognized that there was a rebuttable presumption in favor of continued detention,[7] he nevertheless declined to present any evidence. Instead, counsel repeated his argument that

the Government had waived its right to seek detention under subsections (e) and (f). The Magistrate rejected appellee's waiver argument and, in light of her previous probable cause finding, the unrebutted evidence that the defendant constituted a danger to the community, and the unrefuted presumption that no combination of conditions could reasonably assure the appearance of the defendant and the safety of the community, ordered the defendant detained pending trial pursuant to 3142(e), (f) and (g) of the Act.

Appellee immediately filed a motion in the District Court pursuant to 3145(b) of the Act to revoke the detention order. On June 14, 1985, the District Court heard argument on the issue of whether the Government's request for pretrial detention under subsections (e) and (f) was timely. Concluding that 3142(f) authorizes pretrial detention only where the Government moves for a detention hearing "immediately upon the [defendant's] first appearance before the judicial officer," 18 U.S.C. § 3142(f), the District Court held, without a written order, that the Government's failure to initially seek detention under these sections constituted a waiver of its right to so move. *See* Transcript of the June 14, 1985, hearing before the District Court at 25–27. Accordingly, the District Court reversed the Magistrate's detention order and established conditions of release. *Id.* at 49. On June 17, 1985, pursuant to 18 U.S.C. §§ 3145(c) and 3731 (as amended, 1984), the Government appealed the District Court's order. On June 18, 1985, this court stayed the District Court's order pending resolution of this appeal.

## II. TIMELINESS OF GOVERNMENT'S REQUEST FOR PRETRIAL DETENTION

We first consider whether the Government's request for pretrial detention was timely under 3142(f). Pretrial detention under 3142(e) may be ordered only after a hearing pursuant to subsection (f). That provision, after specifying the cases in

---

6. *Id.* at 11.

7. *See* note 5 *supra.*

which pretrial detention may be sought, states:

The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the Government may not exceed three days. During a continuance, the person shall be detained....

18 U.S.C. § 3142(f). Standing alone, this provision appears to authorize pretrial detention only where the Government moves for a hearing under subsection (f) at the time of the accused's "first appearance." On this view, adopted by the District Court, if the Government initially requests an order for temporary detention under 3142(d) for the purpose of seeking revocation of conditional release for a prior offense, it may not subsequently move for pretrial detention under 3142(e) in the event that the effort to obtain such revocation is unsuccessful.

■ We believe, however, that 3142(d) provides authority for the Government to move for pretrial detention in such a situation. That provision states:

If the official fails or declines to take the person into custody during [the ten-day temporary detention] period, the person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial....

This provision plainly contemplates that, in the event that temporary detention does not result in revocation of a prior conditional release, the individual may still be subject to a pretrial detention order pursuant to 3142(e).[8] In light of the clear congressional intent expressed in 3142(d) to allow pretrial detention in these circumstances, we interpret 3142(f) to require that, in such cases, the Government move for a detention hearing immediately upon, or before, the expiration of the ten-day period under subsection (d).[9]

■ We note that, in cases in which the Government intends to seek pretrial detention in the event that it is unable to secure revocation of a prior conditional release, the preferred course is for the Government, at the time of the accused's first appearance, to move for (1) a temporary detention order under 3142(d), *and* (2) a pretrial detention hearing under 3142(f), to be continued until the end of the temporary detention period.[10] This course ensures the accused ample notice of the Government's intention to seek pretrial detention. In the future, the Government ought to follow this procedure whenever possible. For the reasons stated above, however, we do not

**8.** This is made clear not only by 3142(d)'s reference to "the other provisions of this section"—which include provisions for pretrial detention as well as conditional release—but also by the legislative history of 3142(d), which indicates that the subsection was based on a similar provision of the D.C.Code which clearly allows pretrial detention under these circumstances. *See* S.Rep. No. 225, 98th Cong., 1st Sess. 17 (1983), U.S.Code Cong. & Admin.News 1984, p. 3182; D.C.Code § 23–1322(e) (1981) ("If such officials fail or decline to take the person into custody during such period, the person shall be treated in accordance with section 23–1321 [providing for pretrial release], *unless he is subject to detention under this section.*") (emphasis added).

**9.** In support of its contrary interpretation, the District Court relied principally on *United States v. Payden,* 759 F.2d 202 (2d Cir.1985), in which a motion for pretrial detention was held untime-

ly because it was not made at the first appearance. In *Payden,* however, the Government made no request for either pretrial or temporary detention at the first appearance, but first moved for pretrial detention two weeks later (a delay which was due to the parties' lack of notice of the passage or provisions of the Bail Reform Act). The court in *Payden* thus had no occasion to consider the relation between the "first appearance" requirement and the provisions of 3142(d), the problem that we address in this case.

**10.** Under 3142(f), a pretrial detention hearing may be continued for more than three days, on the Government's motion, only "for good cause." We think that "good cause" exists for continuing a pretrial detention hearing until the expiration of a period of temporary detention ordered under 3142(d).

believe this requirement to be mandated by the statute. In the present case, the Government gave notice of its intention to move for pretrial detention at the May 30 status hearing and in its memorandum submitted on June 3, *i.e.*, well before the expiration of the ten-day temporary detention. We therefore hold that the Government's application for pretrial detention was timely under the statute.

## III. THE TIMELINESS OF THE PRETRIAL DETENTION HEARING

We next consider whether the detention hearing itself was timely under 3142(f). Following a timely motion for pretrial detention, particularly where the defendant is already detained on a temporary basis, the judicial officer must conduct a prompt hearing comporting with the procedures established in 3142(f). "The object of [§ 3142(f)] is to guarantee a speedy bail determination, to prevent the magistrate or judge from ordering the defendant temporarily detained (*see* 18 U.S.C. § 3142(d)), and then holding the key 'detention' hearing at some much later time." *United States v. Angiulo*, 755 F.2d 969, 972 (1st Cir.1985). Further, continuance of the hearing for more than three days, if sought by the Government, or five days, if sought by the defendant, will only be granted upon a showing of good cause. 18 U.S.C. § 3142(f).

We hold that a timely detention hearing was held in the instant case. On the facts here, we find that the Government made its motion for pretrial detention no later than June 3, 1985, with the filing of its "Memorandum in Support of Government's Motion to Detain Without Bond."[11] On June 5,

1985, following the filing of this motion, and still within the ten-day temporary detention period, a status hearing was held. At that time, the court heard argument on the propriety of continued detention of the defendant under 3142(e) and (f). The Magistrate, however, apparently confused about the statutory requirements, continued the matter until Monday, June 10, 1985, the earliest available date, to enable herself to listen to the tapes of the previous hearings and to study the relevant law. The parties were directed to be prepared for a detention hearing on June 10. Neither party objected to the continuance.

▮ We hold that, in these unique circumstances, and particularly due to the confusion generated by this new statute, the continuance of the detention hearing until June 10, 1985 was not unreasonable.[12] We caution, however, that in future cases, except in the most compelling situations, the judicial officer should not act *sua sponte* to delay the detention hearing. The statute explicitly requires that a 3142(f) hearing be conducted "immediately" following a timely motion for pretrial detention, subject only to proper requests for continuances by the parties. To permit the judicial officer to postpone a detention hearing, while the defendant remains detained, places an unfair burden on the parties to object to such a continuance and undermines the purpose of the immediacy requirement.

## IV. THE ADEQUACY OF THE JUNE 10 HEARING AND OF THE FINDINGS IN FAVOR OF PRETRIAL DETENTION

▮ Having determined that the June 10 detention hearing was timely, we now con-

---

**11.** Although styled as a memorandum, this document begins: "Comes now the United States by and through its attorney, the United States Attorney for the District of Columbia and moves that the court detain defendant Moshood Alatishe, also known as 'First Born,' pursuant to 18 U.S.C. § 3142(e)...." Furthermore, this was the first time the Government explicitly sought pretrial detention under subsection (e) and set forth its reasons for so moving.

**12.** Although the trial court continued the proceedings on its own motion, we conclude that,

under the circumstances present in this case, the statutory requirement of good cause was satisfied. *See* 18 U.S.C. § 3142(f). Further, while we do not decide this question, it is at least arguable that the June 10 detention hearing fell within the original ten-day detention period. If the ten-day period, exclusive of weekends and holidays, is calculated to have begun running from the time of the combined preliminary and detention hearing on May 28, then June 10, was the last day of this period.

sider whether that hearing satisfied the procedural requirements of 3142(f) and whether the Magistrate properly ordered the defendant detained on the basis of the evidence presented at that hearing. The judicial officer's determination pursuant to 3142(e) "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community" must be based on specific facts found at a 3142(f) detention hearing. In light of the importance of the interests of the defendant that are implicated in a pretrial detention hearing, the "danger to the community" determination must be supported by clear and convincing evidence. *See United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir.1985). However, pursuant to 3142(e), in cases in which the judicial officer finds probable cause to believe that the defendant committed a violation of the Controlled Substances Act (CSA), punishable by ten years or more, a rebuttable presumption arises that no conditions of release will be adequate to assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e).[13]

Based on the evidence adduced at the preliminary hearing on May 28, 1985, the Magistrate in the instant case held that probable cause existed that the defendant committed a CSA offense punishable by imprisonment for fifteen years. At that preliminary hearing, in addition to the probable cause finding, the Magistrate also determined that temporary detention was warranted under 3142(d) on the grounds that the defendant (1) was then, and was at the time the offense was committed, on probation for another offense, and (2) was

likely to flee and posed a danger to the community. *See* 18 U.S.C. § 3142(d)(1)(A)(iii), (d)(2). At the time of this proceeding, the Government had not yet moved for pretrial detention under 3142(e).

■ Because of the difference in the severity of the consequences between temporary detention under subsection (d) and detention pending trial under subsection (e), the nature of the inquiry in the respective detention hearings necessarily differs. Moreover, unlike subsection (e) detention, the decision to temporarily detain a defendant need not be supported by clear and convincing evidence. Accordingly, in ordering subsection (e) detention, the judicial officer cannot rely on facts previously found to support a temporary detention decision. The defendant must have an opportunity, in a separate hearing in accordance with the procedures outlined in subsection (f), to rebut the facts offered by the prosecution to support detention pending trial.

■ The Magistrate in the instant case conducted a 3142(f) detention hearing on June 10, 1985. Despite the seeming disarray that infected the proceeding, we believe that the June 10 hearing satisfied all of the requirements of 3142(f). In its June 3 motion for pretrial detention, the Government, pursuant to 3142(e), asserted its right to the rebuttable presumption that there could be no adequate condition of release in this case. In light of the Magistrate's finding on May 28 that there was probable cause to believe that the defendant had committed a CSA offense punishable by imprisonment for fifteen years, the Government's assertion of the rebuttable

---

**13.** The legislative history indicates that the rebuttable presumption covering serious drug trafficking offenses was included because:

Persons charged with major drug felonies are often in the business of importing or distributing dangerous drugs, and thus, because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism. Furthermore, the Committee received testimony that flight to avoid prosecution is particularly high among persons charged with major drug offenses.

Because of the extremely lucrative nature of drug trafficking, and the fact that drug traffickers often have established substantial ties outside the United States from whence most dangerous drugs are imported into the country, these persons have both the resources and foreign contacts to escape to other countries with relative ease in order to avoid prosecution for offenses punishable by lengthy prison sentences.

S.Rep. No. 225, 98th Cong., 1st Sess. 20 (1983), U.S.Code Cong. & Admin.News 1984, p. 3203.

presumption was clearly proper. At the June 10 hearing, Government counsel reiterated his right to the presumption. We agree with defense counsel that it was not the responsibility of the appellee to carry the Government's burden of proof or persuasion; nevertheless, the presumption operated *at a minimum* to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption. *See United States v. Jessup*, 757 F.2d 378 (1st Cir.1985).[14] The defendant was given an opportunity to produce such evidence but elected not to avail himself of that opportunity, relying exclusively on the argument that the Government had waived its right to seek pretrial detention. On that record, the Magistrate's determination that no conditions of release could reasonably assure the appearance of the defendant and the safety of the community was proper.[15] *See* 18 U.S.C. § 3142(e).

## V. CONCLUSION

For the foregoing reasons, the District Court erred in reversing the Magistrate's pretrial detention order. Accordingly, the decision of the District Court is reversed.

## APPENDIX

Subsection 3142(d) provides:

(d) Temporary detention to permit revocation of conditional release, deportation, or exclusion.—If the judicial officer determines that—

(1) the person—

(A) is, and was at the time the offense was committed, on—

(i) release pending trial for a felony under Federal, State, or local law;

(ii) release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence, for any offense under Federal, State, or local law; or

(iii) probation or parole for any offense under Federal, State or local law; or

(B) is not a citizen of the United States or lawfully admitted for permanent residence, as defined in section 101(a)(20) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(20); and

(2) the person may flee or pose a danger to any other person or the community;

he shall order the detention of the person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays, and direct the attorney for the Government to notify the appropriate court, probation or parole official, or State or local law enforcement official, or the appropriate official of the Immigration and Naturalization Service. If the official fails or declines to take the person into custody during that period, the person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings. If temporary detention is sought under paragraph (1)(B), the person has the burden of proving to the court that he is a citizen of the United States or is lawfully admitted for permanent residence.

Subsection 3142(e) provides:

---

**14.** *Jessup* holds that

the presumption shifts the burden of production not persuasion and that once the defendant produces evidence, the magistrate will keep in mind Congress's general factual view about special drug offender risks, using it where appropriate along with the factors set out in § 3142(g) to judge the risk of flight in the particular case.

757 F.2d at 389. While we have found Judge Breyer's scholarly opinion in *Jessup* to be extremely compelling in its rationale, both as to the nature of the presumption and its constitutionality, it is unnecessary for us to address these issues in this case. This is so because the defendant here offered *no* evidence whatsoever to rebut the presumption.

**15.** In her final Opinion and Order, it is clear that the Magistrate made an explicit finding of probable cause, relied on the statutory presumption regarding CSA offenses and made a specific determination that appellee, "would, if released, pose a clear danger to the community." *United States v. Alatishe*, No. 85–0331M at 2 (D.D.C. June 10, 1985) (Magistrate's Opinion and Order).

(e) Detention.—If, after a hearing pursuant to the provisions of subsection (f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, he shall order the detention of the person prior to trial. In a case described in (f)(1), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any person and the community if the judge finds that—

(1) the person has been convicted of a Federal offense that is described in subsection (f)(1), or of a State or local offense that would have been an offense described in subsection (f)(1) if a circumstance giving rise to Federal jurisdiction had existed;

(2) the offense described in paragraph (1) was committed while the person was on release pending trial for a Federal, State, or local offense; and

(3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1), whichever is later.

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), section 1 of the Act of September 15, 1980 (21 U.S.C. § 955a), or an offense under section 924(c) of title 18 of the United States Code.

Subsection 3142(f) provides:

(f) Detention hearing.—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the person as required and the safety of any other person and the community in a case—

(1) upon motion of the attorney for the Government, that involves—

(A) a crime of violence;

(B) an offense for which the maximum sentence is life imprisonment or death;

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or section 1 of the Act of September 15, 1980 (21 U.S.C. § 955a); or

(D) any felony committed after the person had been convicted of two or more prior offenses described in subparagraphs (A) through (C), or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) if a circumstance giving rise to Federal jurisdiction had existed; or

(2) Upon motion of the attorney for the Government or upon the judicial officer's own motion, that involves—

(A) a serious risk that the person will flee;

(B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.

The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the Government may not exceed three days. During a continuance, the person shall be detained, and the judicial officer, on motion of the attorney for the Government or on his own motion, may

order that, while in custody, a person who appears to be a narcotics addict receive a medical examination to determine whether he is an addict. At the hearing, the person has the right to be represented by counsel, and, if he is financially unable to obtain adequate representation, to have counsel appointed for him. The person shall be afforded an opportunity to testify, to present witnesses on his own behalf, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise. The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence. The person may be detained pending completion of the hearing.