UNITED STATES of America, Plaintiff,

v.

Roosevelt DANIELS, Sandra Campbell, Troy Campbell, and Lawrence Lee, also known as Chinaman, Defendants.

No. 85 CR 628.

United States District Court, N.D. Illinois, E.D.

Nov. 7, 1985.

Anton R. Valukas, U.S. Atty. by Howard Pearl, Victoria J. Peters, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

Douglas P. Roller, Rooks, Pitts & Poust, Chicago, Ill., for defendant Sandra Campbell.

Marianne Jackson, Chicago, Ill., for defendant Troy Campbell.

Michael B. Cohen, Chicago, Ill., for defendant Lawrence Lee.

## ORDER

BUA, District Judge.

Before the Court is the defendants' motion to review and revoke the Magistrate's detention order. For the reasons stated herein, the defendants' motion is denied.

## I. FACTS

Defendants Sandra Campbell, Troy Campbell and Lawrence Lee join in a motion to review and revoke the Magistrate's detention order entered on October 2, 1985. On April 16, 1985, defendants were charged in complaint 85 CR 232 with conspiring to possess cocaine with intent to distribute. Each defendant appeared before Magistrate James T. Balog on those charges and, without objection by the government, was released on bond.

On July 9, 1985, these defendants were indicted in *United States v. Roosevelt Daniels, et al.,* 85 CR 232, charging each of them with conspiracy to distribute and possess with intent to distribute cocaine. Sandra Campbell was also charged with racketeering, in violation of 18 U.S.C. § 1962(c). Lawrence Lee was also charged with distribution of cocaine. The other defendant, Roosevelt Daniels, was ordered detained by Magistrate Balog after his arrest on April 15, 1985. The detention order was affirmed by the Seventh Circuit Court of Appeals. *United States v. Daniels,* 772 F.2d 382 (7th Cir.1985). He has been incarcerated in the Metropolitan Correctional Center (MCC) since that date.

In August 1985 the Federal Bureau of Investigation (FBI) instituted court-ordered monitoring of two telephones on the 13th floor of the MCC, the floor on which Daniels was detained. The monitoring of the above-described telephones revealed that Daniels utilized the telephones to conduct his narcotics operation while confined in the MCC. During approximately the first 20 days, Daniels called Sandra Campbell approximately 24 times, and Campbell, using a three-way calling feature, patched Daniels through to his associates and employees in his narcotics business.

Based on these conversations, the government procured a search warrant for the residence of Sandra Campbell. The warrant was executed at 1:20 a.m. on September 6, 1985, and the two Campbells and Lee were arrested. These three defendants appeared before Magistrate Balog on September 6, 1985 in complaint 85 CR 619. The government did not pursue formal charges and these defendants were discharged.

On September 23, 1985, defendant Lawrence Lee was arrested on complaint 85 CR 619 and charged with conspiring to possess with intent to distribute cocaine between August 7, 1985 and September 24, 1985. On September 24, 1985, defendants Sandra Campbell and Troy Campbell were arrested on complaint 85 CR 619. At their arraignment on September 24, the government informed Magistrate Balog that it considered defendants to be dangers to the community and moved for their detention. Magistrate Balog ordered defendants held for ten days, excluding weekends and holidays, under 18 U.S.C. § 3142(d), in order to give this Court the opportunity to rule on revocation of the bond set in complaint 85 CR 232.

Defendants' counsel and the government appeared before this Court on September 26, 1985. At that time, the Court agreed that, since Magistrate Balog was going to have to hold a preliminary hearing on complaint 85 CR 619 and the evidence offered by the government would be the same as that offered at a detention hearing, it made sense to have a combined preliminary hearing/detention hearing before Magistrate Balog.

On September 27, 1985, the parties appeared before Magistrate Balog and scheduled a detention hearing for the next day. On September 28, 1985, the detention hearing was held at the MCC. At that hearing, the Magistrate found probable cause to support complaint 85 CR 628, which supersedes 85 CR 619, as to the two Campbell

defendants and Lee. At the hearing, the various defense counsels were given the opportunity to present testimony and to examine the government's witnesses. Although defense counsels recognized that there was a rebuttable presumption in favor of continued detention, they declined to present any evidence. Instead, they relied chiefly on the untimeliness of the detention hearing under 18 U.S.C. § 3142(f).

Magistrate Balog rejected the untimeliness argument and, in light of his finding of probable cause, the unrebutted evidence that the defendants constituted a danger to the community, and the unrebutted presumption that no combination of conditions could reasonably assure the appearance of the defendants and the safety of the community, ordered the defendants detained pending trial pursuant to 18 U.S.C. § 3142(e), (f) and (g). *See Detention Order, United States v. Daniels*, No. 85 CR 628 (N.D.Ill. October 2, 1985) slip op. at 5. The defendants have filed this motion, pursuant to 18 U.S.C. § 3145(b), to revoke the detention order.

## II. DISCUSSION

### A. *Timeliness of Government's Request for Pretrial Detention*

■ Pretrial detention under 18 U.S.C. § 3142(e) may be ordered only after a hearing pursuant to subsection (f). *United States v. Alatishe*, 768 F.2d 364, 367 (D.C. Cir.1985). § 3142(f) provides in pertinent part:

> The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the Government may not exceed three days. During a continuance, the person shall be detained. . . .

18 U.S.C. § 3142(f).

Defendants argue that this language from § 3142(f), standing alone, authorizes

pretrial detention only where the government moves for a hearing under subsection (f) at the time of the accused's "first appearance." Defendants further contend that the government failed to move for a § 3142(f) pretrial detention hearing on at least two occasions. First, defendants assert that the appearance before Magistrate Balog on September 6, 1985, at which no formal charges were brought and the defendants were ordered released, constitutes their first appearance in this case. Second, defendants claim that the appearance before Magistrate Balog on September 24, 1985, at which they were arraigned on formal charges in this case, constitutes their first appearance in this case. If either September 6 or 24 is determined to be their first appearance in this case, defendants conclude that the September 28, 1985 detention hearing occurred too late under § 3142(f).

The government counters that the ten-day temporary detention period, provided for by 18 U.S.C. § 3142(d), applies to this case, as the Magistrate properly found. Further, the government argues that the immediate hearing requirement under § 3142(f) is not triggered until the ten-day temporary detention period expires or until the motion to revoke the prior conditional release is ruled upon. In this case, the government argues that § 3142(f) was not triggered until September 27, 1985, when Magistrate Balog received this case back from this Court with instructions to combine the motion to revoke the defendants' conditional release with their detention hearing. Therefore, the government concludes that the September 28, 1985 detention hearing was timely under § 3142(f).

The Court agrees with the government's argument and finds *United States v. Alatishe*, 768 F.2d 364 (D.C.Cir.1985) to be dispositive of the timeliness issue. At the time of his initial appearance, the defendant was on probation in connection with a felony conviction in the District of Columbia. Accordingly, pursuant to § 3142(d), the government requested the court to detain the defendant for ten days to permit

revocation of defendant's probation. The Magistrate granted the government's request, ordered the defendant temporarily held without bond, and scheduled a combined detention and preliminary hearing for the next business day.

After a hearing, the Magistrate found that probable cause existed on defendant's new charges and continued the temporary detention in order to await action on the probation revocation. Finally, when it appeared that no action would be taken on the probation revocation within the ten-day temporary detention period, the government announced that it would seek pretrial detention under § 3142(e) and (f). After a further detention hearing under § 3142(e) and (f), the Magistrate made the requisite findings for defendant's pretrial detention under § 3142(e), (f) and (g). The district court held that the government's failure to seek detention initially under § 3142(e) and (f) constituted a waiver of its right to so move and therefore the detention hearing under § 3142(f) could not have been timely.

In reversing the district court and affirming the Magistrate, the Court of Appeals for the District of Columbia Circuit held that the government did not waive its right to move for a detention hearing under § 3142(f) merely because it first moved for temporary detention under § 3142(d). *Alatishe*, 768 F.2d at 368. In support of its holding, the D.C. Circuit found that the plain language of § 3142(d) "contemplates that, in the event that temporary detention does not result in revocation of a prior conditional release, the individual may still be subject to a pretrial detention order pursuant to 3142(e). *Id.* The D.C. Circuit then followed with its holding disposing of the timeliness issue in the present case:

> In light of the clear congressional intent expressed in 3142(d) to allow pretrial detention in these circumstances, we interpret 3142(f) to require that, in such cases, the Government move for a detention hearing immediately upon, or before, the expiration of the ten-day period under subsection (d).

*Id.* Therefore, if the defendants here were properly detained temporarily under § 3142(d), the detention hearing under § 3142(e) and (f) was timely.

§ 3142(d) provides for temporary detention if:

> (1) the person—
>> (A) is, and was at the time the offense was committed, on—
>>> (i) release pending trial for a felony under Federal, State, or local law;

18 U.S.C. § 3142(d). In this case, Magistrate Balog made it clear at the defendants' first appearance on September 24, 1985, that he ordered them detained under § 3142(d) for ten days or until such time as this Court could rule on revoking their probation. (Tr. 10). The Magistrate noted that these defendants had appeared before him in April and that he had set bond and conditions for their release at that time. (Tr. 6). In fact, Magistrate Balog noted the possibility that the new charges in complaint 85 CR 628, then 85 CR 619, could provide the basis for a later detention hearing. (Tr. 10).

■ On September 27, 1985, Magistrate Balog made the exact same ruling on the interplay between § 3142(d) and (f) as did the *Alatishe* court. The Magistrate held that the requirements for a § 3142(f) detention hearing are tolled until the court which set the defendants' bond on the old charges either revokes or denies the motion to revoke, thus ending the ten-day temporary detention period under § 3142(d). (Tr. 5). Therefore, the Magistrate concluded that the § 3142(f) detention hearing requirements began to run on September 27, 1985, when he received the motion to revoke for consolidated ruling from this Court. *See* Transcript of September 28, 1985 Proceeding, p. 12.

■ In light of the interpretation of § 3142(d) and (f) in *Alatishe* and in light of Magistrate Balog's consistent and correct rulings on the issues of temporary detention under § 3142(d) and the detention hearing requirements under § 3142(f), the Court finds that the detention hearing conducted on September 28, 1985, was timely

under § 3142(f). The Court agrees with the Magistrate that September 6, 1985, could not be the defendants' first appearance because no formal charges were brought at that time. (Tr. 11). In addition, the Court notes that Magistrate Balog offered to conduct the detention hearing on the afternoon of September 27, 1985.

### B. *Adequacy of Detention Hearing and Findings*

 Having determined that the September 28 detention hearing was timely, the Court now considers whether that hearing satisfies the procedural requirements of § 3142(f) and whether the Magistrate properly ordered the defendants detained on the basis of the evidence presented at that hearing. Pursuant to § 3142(e), in cases in which the judicial officer finds probable cause to believe that the defendant committed a violation of the Controlled Substances Act (CSA), punishable by ten years or more, a rebuttable presumption arises that no conditions of release will be adequate to assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). *See also Alatishe,* 768 F.2d at 370. Finally, upon motion of a detainee to a district court for review of a detention order, the district court should exercise independent consideration of all facts properly before it. *United States v. Freitas,* 602 F.Supp. 1283, 1293 (N.D.Cal. 1985).

After the detention hearing on September 28, 1985, Magistrate Balog issued written findings pursuant to § 3142(i) in a six-page order. *United States v. Daniels,* No. 85 CR 628 (N.D.Ill. October 2, 1985) slip op. The written order based its detention holding on fourteen separate written findings. After reiterating his finding of probable cause, Magistrate Balog followed the rebuttable presumption under § 3142(e) that no condition or combination of conditions will reasonably assure the safety of the community. *Id.* at 5. The Magistrate further found that the defendants had not rebutted this presumption.

In reviewing Magistrate Balog's findings, this Court reviewed the written detention order and the tape recordings of the September 28 detention hearing. In those tape recordings, the government presented an FBI special agent as its witness. This witness was subject to direct and cross-examination. Each defense counsel cross-examined the special agent thoroughly in an effort to attack the government's showing of probable cause. However, none of the defense counsel presented documentary or testimonial evidence in an effort to establish that the defendants are neither dangers to the community nor risks of flight.

On the basis of this record, the Magistrate's determination that no conditions of release could reasonably assure the appearance of the defendants and the safety of the community was proper. *Alatishe,* 768 F.2d at 371.

### III. CONCLUSION

For the reasons stated above, the Court affirms the Magistrate's pretrial detention order. Accordingly, the defendants' motion to revoke the detention order pursuant to 18 U.S.C. § 3145(b) is denied.

IT IS SO ORDERED.