UNITED STATES of America, Plaintiff-Appellee,

v.

Lawrence LEE, Sandra Campbell, and Troy Campbell, Defendants-Appellants.

No. 85–3216.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 15, 1986.

Decided Feb. 6, 1986.

Michael B. Cohen, Douglas Roller, Rooks, Pitts & Poust, Chicago, Ill., for appellant.

Anton R. Valukas-U.S. Atty. & Scott F. Turow, Dept. Chief U.S. Atty., Chicago, Ill., for appellee.

Before COFFEY, EASTERBROOK, and RIPPLE, Circuit Judges.

COFFEY, Circuit Judge.

This is an appeal from a district court order, 622 F.Supp. 178, detaining the defendants without bail pending their trial on narcotics-related offenses. The appeal has been presented and considered as a motion to provide expedited consideration, as is required by 18 U.S.C. § 3145(c). We affirm.

The defendants were first arrested on April 16, 1985, on a complaint (No. 85–CR–232) charging them with conspiring to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. They appeared on that complaint before a magistrate, who released them on bond without objection from the government. The matter was submitted to the grand jury, and on July 9 an indictment was returned against these defendants and others, again charging them with conspiring to possess and distribute cocaine; one defendant was also charged with racketeering in violation

of 18 U.S.C. § 1962(c). The case was assigned to a district judge, who continued the bond set on the earlier complaint.

During the next several months the government obtained information indicating that the defendants were continuing to operate their cocaine conspiracy. The defendants were again arrested on September 5, 1985, after execution of a search warrant. They appeared before the same magistrate the next day, but no formal charges were filed at that time and the magistrate ordered the defendants released. They were re-arrested on September 23 and 24, 1985 on a new complaint charging the continuing violation (No. 85–CR–619), and appeared before the magistrate on September 24.

At the hearing on September 24, the government asked the magistrate to detain the defendants for up to ten days under 18 U.S.C. § 3142(d), in order that it might proceed to request the district judge to revoke the bond set on the indictment returned July 9. The magistrate granted the request and the parties and counsel appeared before the judge two days later, on September 26. At that hearing the government advised the Court that it would not request bond revocation on the indictment, but instead would seek pretrial detention on the new complaint under 18 U.S.C. § 3142(e). The government requested a detention hearing before the magistrate, to be combined with a preliminary hearing on the new complaint. The next day (September 27) the parties and counsel again appeared before the magistrate, who suggested the hearing be held that afternoon. At the request of counsel for two of the defendants, the hearing was adjourned until the next day (September 28). After the hearing the magistrate ordered the defendants detained.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides for pretrial detention without bail under appropriate circumstances. 18 U.S.C. § 3142(e). Before a defendant can be detained, however, a detention hearing must be held. Under 18

U.S.C. § 3142(f), the hearing must be held "immediately upon the [defendant's] first appearance" unless the defendant or the government requests a continuance. These continuances are automatically available but are limited to five days at the defendant's request and three days at the government's request unless good cause is shown for a longer period. The defendants' only contention is that they were not afforded their detention hearing within the statutory time limits.

■ Initially we reject the defendants' contention that their "first appearance" under 18 U.S.C. § 3142(f) was on September 6. The Bail Reform Act provides a judicial officer with several custodial options, including conditional release and pretrial detention. See 18 U.S.C. § 3142(a). An "appearance" for purposes of the Act obviously must be one at which those options are at least considered, if not actually implemented. As no formal charges were pursued on September 6, no bail-related issues were contemplated; at the conclusion of the brief appearance the magistrate simply directed the marshal to release the defendants.

The defendants' "first appearance" therefore occurred on September 24, after they had been arrested on the new complaint. Their detention hearing was held on September 28, four days later. Considered by itself, this period was one day longer than the government could have requested under 18 U.S.C. § 3142(f). There is, however, an additional provision of the Act, § 3142(d), that provides that a judicial officer "shall order the detention of [a defendant], for a period of not more than ten days," if that defendant is on release pending trial at the time of his arrest. The court must then direct the attorney for the government to notify the appropriate court or law enforcement authorities of the possibility of a violation of release conditions.

The ten-day stay provision of § 3142(d) was invoked at the September 24 hearing, when the government requested leave to appear before the district judge, who had jurisdiction over the bond set on the July 9

indictment. Only two of the ten available days were used. On September 26 the government asked to proceed before the magistrate for detention on the new complaint, and the judge approved this request. At that time the government officially requested pretrial detention under 18 U.S.C. § 3142(e), and the government's three days under § 3142(f) began to run. The detention hearing was held only two days later.

■ The proper invocation of the continuance provided under 18 U.S.C. § 3142(d) therefore tolled the running of the limited continuances provided under § 3142(f). This interpretation of the statute is in accord with *United States v. Alatishe*, 768 F.2d 364, 368–69 (D.C.Cir.1985). As § 3142(d) specifically indicates, if the official supervising the prior pretrial release declines to act, as the district judge did here, the defendant is to be "treated in accordance with the other provisions of [18 U.S.C. § 3142]...." *United States v. Payden*, 759 F.2d 202 (2d Cir.1985), cited by the defendants, did not involve persons on pretrial release and thus is distinguishable from the case before us. *See Alatishe*, 768 F.2d at 368 n. 9.

The defendants argue that § 3142(d) should not be applied because the government "never intended to revoke [their] prior release." The problem with this argument is that the ten-day continuance under (d) is not triggered by the government's intent, but rather by the arrest of a person already out on bond. At that point the time is available to allow notification of the court with jurisdiction over the other bond, as took place here. There is no indication in the record that (d) was invoked for any other purpose. As we have found no violation of the Bail Reform Act's procedures, the district court's order of detention is AFFIRMED.