**UNITED STATES of America**

v.

**Salvatore SALAMONE.**

**Crim. No. 84–00150–01.**

United States District Court,
M.D. Pennsylvania.

Nov. 5, 1986.

Joel M. Friedman, & Albert J. Wicks, U.S. Dept. of Justice, Philadelphia Strike Force, Philadelphia, Pa., for U.S.

Michael Lynn, Bloomsburg, Pa., Michael J. Casale, Sr., Williamsport, Pa., for defendant Salamone.

## OPINION

MUIR, District Judge.

Currently pending before this Court is the motion of Salvatore Salamone for bail pursuant to 18 U.S.C. § 3142 and the motion of the United States for pre-trial detention of Salamone pursuant to 18 U.S.C. § 3142(e).

Salamone was convicted of 6 firearms offenses whereupon the United States moved for detention of Salamone prior to imposition of sentence pursuant to 18 U.S.C. § 3143. On March 14, 1985, we held a hearing at which time Salamone was given an opportunity to establish by clear and convincing evidence that he was not likely to flee or pose a danger to the safety of any other person in the community. At the conclusion of the hearing we ruled that Salamone had not established that he was unlikely to flee pending sentence. We ordered Salamone detained. On April 15, 1985, we sentenced Salamone to 20 years and fined him $35,000.00. An appeal was taken. The United States Court of Appeals for the Third Circuit, 800 F.2d 1216, reversed the judgment of this Court on the basis that prospective jurors affiliated with the National Rifle Association had been excluded on challenges for cause. That Court rejected all of Salamone's other grounds for appeal. On September 25, 1986, the Court of Appeals issued its mandate and directed us to make an independent determination as to whether bail should be granted.

On October 8, 1986, Salamone filed the current motion for bail. At the October 23, 1986 hearing, the United States moved for continued detention of Salamone on the basis that no condition or combination of conditions would reasonably assure the appearance of Salamone for future proceedings. Salamone's counsel urged that Salamone be released on bail pending retrial and offered certain pieces of real property to secure the bail. Counsel for Salamone did not produce any witnesses to testify as to the titles to or value of the property so offered. Salamone was not in attendance because he is currently on trial in the Southern District of New York in the matter of *United States v. Badalementi*. Several issues were raised at the bail hearing including whether this Court could consider the evidence adduced at the prior bail hearings and the previous trial in determining whether Salamone should be released on bail. We allowed the parties to brief the issues. Counsel for Salamone filed his brief on October 27, 1986. The Government filed its brief on October 31, 1986 and counsel for Salamone notified the Clerk's Office that no reply brief would be forthcoming. Therefore, this matter is ripe for our adjudication.

The United States has the obligation to establish risk of flight by a preponderance of the evidence. *United States v. Chimurenga*, 760 F.2d 400 (2d Cir.1985). We may order detention if we determine from the information before us that it is more likely

than not that no condition or combination of conditions will reasonably assure the accused's appearance. *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir.1985) and cases cited therein. The Bail Reform Act, 18 U.S.C. § 3142(f) reads in pertinent part as follows:

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and safety of any other person and the community, take into account the available information concerning—(1) the nature and the circumstances of the offense charged, including whether the offense is a crime of violence ...; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including—(A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, ... criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence....

At the hearing held October 23, 1986, the Government relied on the evidence presented at the first trial of this case as well as the evidence presented during the detention hearing held after conviction. Salamone objects to the position of the Government. We shall address these objections after we discuss our analysis of whether or not Salamone ought to be granted bail under the Act.

Under sub-section (g) of the 18 U.S.C. § 3412, we consider four categories of factors. The first category is (1) the nature and circumstances of the offense charged. The offenses with which Salamone stands charged are very serious. They include the possession of illegally made and unregistered machine guns as well as the falsifications of firearms transaction records in order to conceal the identity of purchasers. The second category is (2) the weight of the evidence. It is our view that the weight of the evidence against Salamone is overwhelming. The next factor to be considered is the (3) history and characteristics of the Defendant. Under sub-section (a) it is relevant that Salamone and his wife, though residents of the United States since 1963 and 1966 respectively are not citizens of this country but of Italy. Although they have family ties in this community, they also have family in Italy. Indeed, Salamone's brother fled to Italy and remains a fugitive from justice on charges arising out of the same facts which form the basis of the case against Salamone. Our review of the records submitted by counsel satisfies us that the properties are heavily encumbered with liens. *See* Appendix to Salamone's brief in support of motion for bail and Appendix B of the Government's combined motion for pre-trial detention and response to Defendant Salamone's motion for bail. Under sub-section (b), it is relevant that Salamone is currently under indictment in the Southern District of New York on serious charges involving conspiracy to distribute heroin in violation of 21 U.S.C. § 846 as well as offenses relating to racketeering and money laundering in violation of 18 U.S.C. § 1962(d) & 31 U.S.C. § 1059, 1082. The last factor to be considered (4) is the nature and seriousness of the danger to any person in the community. We are of the view that the danger that Salamone presents is one of flight, not of harm to persons in the community.

■ Based on the above facts, we are of the opinion that the Government has met its burden of establishing by a preponderance of the evidence that Salamone presents a serious risk of flight. No condition or combinations of conditions will reasonably assure his appearance at future proceedings. Salamone is undoubtedly aware that it is likely that he will be reconvicted. The evidence at the first trial was clear and apart from the issue relating to the exclusion of National Rifle Association members as potential jurors, all appellate issues were denied by the Court of Ap-

peals. Salamone undoubtedly is also aware that if he is reconvicted he may face a long jail term. Salamone poses a serious risk of flight and should be detained in order to assure his appearance at future proceedings in this case.

■ Having made our analysis under the statute we address Salamone's objections. Salamone first argues that we should not consider the evidence we heard during the trial of Salamone or the evidence we heard post-trial in determining whether to grant bail pending retrial. Salamone relies on the case of *United States v. Alatishe*, 768 F.2d 364 (D.C.Cir.1985). In that case, the Court indicated that in determining whether bail ought to issue pending trial pursuant to 18 U.S.C. § 3142(e), a judicial officer cannot rely on facts previously found to support *temporary detention* under 18 U.S.C. § 3142(d). Our reading of *Alatishe* does not support Salamone's proposition that we should not be able to consider all of the evidence admitted at a full trial before us when the case has been remanded to us solely because of errors in the composition of the jury that heard the evidence in that trial. Indeed, the facts in *Alatishe* are far different than the facts before us. In *Alatishe* a United States Magistrate relied on evidence he had heard at a hearing regarding temporary detention to support a finding he made after a cursory pre-trial detention hearing that there could be no adequate condition of release in that case. We have heard all the evidence at trial as well as the evidence produced post-trial in a post-trial detention hearing. Furthermore, although the Court of Appeals in *Alatishe* thought that it was error to rely solely on the evidence produced at a temporary detention hearing in determining whether detention ought to be permanently ordered under 18 U.S.C. § 3142(e), the Court upheld the Magistrate. The Court stated that as long as the Defendant had been given an opportunity to rebut the evidence that the Government presented at the pre-trial detention hearing even if the Government relied solely on the evidence it had produced at the temporary detention hearing, the conditions of 18 U.S.C. § 3142(f), (e) had been met. A finding that no conditions of release could reasonably assure the appearance of the Defendant and the safety of the community was proper even under those facts. *Alatishe*, 768 F.2d at 371. Therefore, under *Alatishe* it would appear that we may rely on the evidence adduced at the first trial and the post-trial detention hearing in determining whether Salamone ought to be released on bail.

Additionally, there are other reasons why we should not be precluded from considering the evidence adduced before us at the first trial of Salamone. The Act does not speak to the issue of what evidence may be produced at a hearing held post a full trial when the judgment entered after that trial has been vacated. Nevertheless, to rehear all of the evidence previously brought out at trial would ignore the interest in judicial economy. Moreover, the evidence brought out at trial was protected by the full panoply of evidentiary rules whereas evidence brought out at a hearing would not be so protected and therefore, the evidence at trial should be given particular weight. *Cf. United States v. Delker*, 757 F.2d 1390 (3d Cir.1985).

■ As a second point of objection, Salamone argues that since the Court of Appeals has reversed the judgment of conviction of this Court, Salamone stands before us armored with the full presumption of innocence and therefore, the Government has not met its burden because it adduced no live testimony at the October 23, 1986 hearing. While we agree that Salamone is presumed innocent, we are of the view that this argument is without merit.

We are of the view that the Government did present evidence although it presented no live witnesses at the hearing on October 23, 1986. The Government specifically noted the testimony of the previous proceedings which go to the Government's position that Salamone poses a serious risk of flight and should be detained prior to trial. Salamone was given the opportunity to rebut that evidence at the October 23, 1986 hear-

ing and this is all that 18 U.S.C. § 3142 requires. *Eg. Alatishe,* 768 F.2d at 371.

■ The Act requires that a detention hearing be held at the defendant's "first appearance." Salamone argues that The Government cannot move for pre-trial detention because the October 23, 1986 appearance was not the "first appearance" of the Defendant before us or if we are to consider the October 23, 1986 hearing the first appearance, then the Government has failed to meet its burden because it offered no evidence. This is merely legalistic juggling. The plain fact is that the posture of this case is not expressly provided for in 18 U.S.C. § 3142. An analysis of whether this is a first or third appearance is without merit. In addition, even if this were to be considered a third appearance rather than a first appearance, courts have held that a change in circumstance can justify detaining a defendant even though a detention hearing was *not* held at the first appearance before a judicial officer. *Eg. United States v. Holloway,* 781 F.2d 124, 126 (8th Cir.1986). Thus, even though the Act clearly states that the detention hearing is to be held immediately upon the person's first appearance before the judicial officer, the first appearance mentioned in the statute is obviously to be read in light of the circumstances of each case. *Id.*

■ The last contention of Salamone is that this Court need not independently determine the detention issue because the Honorable Pierre N. Leval before whom Salamone is appearing as a defendant in the matter of *United States v. Badalementi* is also considering releasing Salamone on bail. In support of the position that we may rely on Judge Leval's determination as to Salamone's bail status, Salamone makes two arguments. First, he argues that Judge Leval has stated on the record that he will grant bail to Salvatore Salamone on the "terms set forth in Mr. Fogelnest's papers." This statement without more is insufficient for us to grant bail to Salamone. As a second contention Salamone argues that the charges he faces in the Southern District of New York could result

in a prison sentence of 50 years and fines in excess of a half million dollars. We are of the view that the potential sentence in the Southern District of New York should have no bearing on our own independent determination of bail. Thus, we made our determination of whether or not to allow bail based on the evidence presented at the hearing of October 23, 1986 as well as the evidence adduced at the first trial of this case and the post-trial detention hearing. We made our analysis independent of any alleged determination made by Judge Leval in the Southern District of New York.

An appropriate order shall issue.

### ORDER

1. Salamone's motion for bail filed October 8, 1986 is denied.

2. The United States's motion for pre-trial detention made in open court on October 23, 1986 is granted.

3. Salvatore Salamone shall remain in the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 3142 pending the trial of the above-captioned case.