953 F.2d 688
 293 U.S.App.D.C. 292
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Andre P. WILLIAMS, Appellant.
 No. 91-3279.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 31, 1992.
 
 Before MIKVA, Chief Judge and KAREN LECRAFT HENDERSON and RANDOLPH, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 Upon consideration of the appellant's memorandum of law and fact in support of the appeal of the preventive detention order and the response thereto, it is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed November 8, 1991 be affirmed. Under any standard of review, there is sufficient evidence to support a finding of clear and convincing evidence supporting detention, independent of any consideration of the statutory presumption that no conditions of release would protect the community. See 18 U.S.C. 3142(e); United States v. Alatishe, 768 F.2d 364 (D.C.Cir.1985).
 
 
 3
 The government's proffer that Williams served as a lieutenant in a narcotics organization through March 1991 and employed minors to distribute illegal drugs until September 1989 went uncontradicted; Williams' only response to these charges was that he disassociated himself from the organization following his release from prison in 1989. Williams offers no independent evidence supporting this assertion; he relies solely on the fact the indictment lists no specific incident of illegal conduct on his part after March 1988.
 
 
 4
 In addition, it was uncontradicted that Williams was present at Joel Mays' murder and fled the scene with two other individuals. Although Williams claims that he attempted to prevent the murder, Williams admits that he hit Mays over the head with a bottle. Williams' involvement in this incident also appears to be clear and convincing evidence that no conditions of release would ensure the safety of the community.
 
 
 5
 The Clerk is directed to withhold the issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.