UNITED STATES of America

v.

Devon HUNT, Defendant.

Criminal Action No. 13–306 (RWR)

United States District Court, District of Columbia.

Signed 07/20/2015

See also 843 F.3d. 1022.

George Peter Eliopoulos, U.S. Attorney's Office, Stephen Joseph Gripkey, U.S. Attorney's Office Violent Crimes Narcotics and Trafficking (VCNT), Washington, DC, for United States of America.

Edward Charles Sussman, Law Offices of Edward C. Sussman, Washington, DC, for Defendant.

## MEMORANDUM ORDER

RICHARD W. ROBERTS, Chief Judge

■ Defendant Devon Hunt moves, for a second time, to vacate the pretrial detention order and to order conditions of release. Def.'s Mot. to Vacate the Detention Order and Order Conditions of Release, ECF No. 107 ("Mot. to Vacate"). Hunt argues that "changed circumstances ... now require that the matter be reviewed." Id. at 1. The government opposes, arguing that "Hunt has again failed to overcome the presumption in favor of detention." Gov't Opp'n to Def.'s Mot. (Second) to Vacate Detention Order, ECF No. 111 ("Gov't Opp'n") at 9. Because Hunt has not overcome the presumption in favor of detention, his motion to vacate the detention order will be denied.

Hunt is charged by indictment with one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i); four counts of unlawful distribution of heroin and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2; and one count of unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b). Indictment, ECF No. 1 at 1–4. He pled not guilty, and Magistrate Judge Kay ordered him detained without bond at the conclusion of a detention hearing on November 18, 2013. 11/18/13 Minute Entry. The magistrate judge set forth his findings and reasoning in a detention memorandum. Detention Mem., ECF No. 8. Hunt later moved to revoke the pretrial detention order, and after substantial briefing, that motion was denied. See Mot. to Revoke the Pretrial Detention Order, ECF No. 17; see also 1/22/2015 Mem. Order, ECF No. 85 (denying Hunt's first motion to revoke the pretrial detention order). Now, Hunt renews his request to be released pending trial, citing as "changed circumstances" the trial performance of a potential government witness. Mot. to Vacate at 2–3 (arguing that this case "is expected to turn heavily on the testimony *and credibility*" of a particular government witness whose behavior "dragged down the strength of the government's case[,]" and that this witness "did nothing to enhance his credibility or to make him[self] more reliable in the instant case" during testimony at a previous trial).

■ Under 18 U.S.C. § 3142(e), pretrial detention is warranted when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Furthermore,

[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed ... an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act[.]

18 U.S.C. § 3142(e)(3)(A). While the rebuttable presumption does not require the defendant to "carry the Government's burden of proof or persuasion[,] ... the presumption operate[s] at a *minimum* to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985) (emphasis in the original). Several factors must be considered "in determining whether there are conditions of release that will reasonably assure the appearance of a person as required and the safety of any other person and the community," including

> (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's past conduct and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

United States v. Robinson, 952 F.Supp.2d 225, 227 (D.D.C. 2013) (citing 18 U.S.C. § 3142(g)).

As is discussed in the Memorandum Order denying Hunt's initial motion to revoke the pretrial detention order, the rebuttable presumption in favor of detention applies to Hunt. 1/22/2015 Mem. Order at 8 ("[B]ecause there is probable cause to believe that Hunt conspired to possess with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 841(b)(1)(B)(i), ... a rebuttable presumption in favor of pretrial detention under 18 U.S.C. § 3142(e) [applies.]"). All of the relevant factors were considered in the previous Memorandum Order, see id. at 6–8, and the new information that Hunt presents does not overcome the presumption. However weakened the witness' credibility may appear to be, credibility will ultimately be decided by the jury in this case and the government proffers independently corroborative evidence of Hunt's culpability. It remains that "[t]he nature and circumstances of Hunt's charges, the weight of the evidence against Hunt, Hunt's previous criminal history, and the danger he poses to the community [continue to] weigh against his pretrial release." Id. at 7.

Accordingly, it is hereby

ORDERED that Hunt's Motion to Vacate the Detention Order and Order Conditions of Release [107] be, and hereby is, DENIED.