# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-3045**                              **September Term, 2021**

**1:22-cr-00164-RBW-7**

**Filed On:** August 26, 2022

United States of America,

       Appellee

    v.

Ako Handy, also known as K.O.,

       Appellant

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**   Pillard, Rao, and Walker, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. It is

**ORDERED AND ADJUDGED** that the district court's June 17, 2022 detention order be affirmed. The district court concluded based on the statutory presumption found at 18 U.S.C. § 3142(e)(3), and its assessment of the factors under 18 U.S.C. § 3142(g), that no condition or combination of conditions will reasonably assure the appearance of appellant as required and the safety of any other person and the community. See 18 U.S.C. § 3142(e)(1). Appellant has not demonstrated that the district court clearly erred in reaching that conclusion. See United States v. Hale-Cusanelli, 3 F.4th 449, 454–55 (D.C. Cir. 2021). Appellant has not come forward with sufficient "credible evidence" to rebut § 3142(e)(3)'s presumption that he is a danger to the community and a flight risk. See United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985). Even if he did, the district court did not clearly err in its assessment that the § 3142(g) factors weighed in favor of detention because appellant poses both a danger to the community and a flight risk.

Appellant also argues that the district court committed reversible error by reviewing the magistrate judge's pretrial release order de novo instead of for clear error. Because appellant failed to raise a contemporaneous objection in the district court, this

court therefore reviews appellant's argument for plain error.  See Puckett v. United States, 556 U.S. 129, 135 (2009).  Appellant has not shown plain error here.  See id.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk