**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carlos Alberto MONCADA–PELAEZ,
Defendant-Appellant.**

No. 87–5020.

United States Court of Appeals,
Eleventh Circuit.

Jan. 29, 1987.

Irwin Lichter, Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Stephen Schlessinger, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

BY THE COURT:

Pending before this court is appellant Moncada-Pelaez' ("Moncada") emergency motion for bail pending completion of his trial. Because the district court correctly determined that Moncada should be detained pursuant to 18 U.S.C. sec. 3142(e), we deny the instant motion.

The relevant facts may be summarized as follows: Moncada was arrested on November 4, 1986 and charged with trafficking in cocaine and possession of a firearm by an illegal alien. That same day Magistrate Palermo ordered that Moncada be held in temporary pretrial detention pursuant to 18 U.S.C. sec. 3142(d)(1)(B). This section permits a Magistrate to order the detention of an illegal alien for a period of ten days.[1] Moncada conceded that he was

---

1. This section provides that:

(d) Temporary detention to permit revocation of conditional release, deportation, or exclusion—If the judicial officer determines that—

(1) the person—

(A) is, and was at the time the offense was committed, on—

(i) release pending trial for a felony under Federal, State, or local law

(ii) release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence, for any offense under Federal, State, or local law; or

(iii) probation or parole for any offense under Federal, State, or local law; or

an illegal alien and thus subject to temporary detention.

Thereafter, ten days later at a hearing on November 14, 1986, Magistrate Sorentino ordered that Moncada be held in detention prior to trial pursuant to 18 U.S.C. sec. 3142(f).[2] On January 6, 1987, following various proceedings not relevant to the instant appeal, the original pretrial detention order was affirmed by the district court. This emergency appeal ensued.

On appeal, appellant contends that the court's November 14 hearing was untimely.[3] Section 3142(f) ordinarily requires that a detention hearing be held immediately upon the defendant's first appearance before a judicial officer, although certain continuances of up to five days are expressly allowed by the section. *See United States*

---

(B) is not a citizen of the United States or lawfully admitted for permanent residence, as defined in section 101(a)(20) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(20)); and

(2) the person may flee or pose a danger to any other person or the community;

he shall order the detention of the person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays, and direct the attorney for the Government to notify the appropriate court, probation or parole official, or State or local law enforcement official, or the appropriate official of the Immigration and Naturalization Service. If the official fails or declines to take the person into custody during that period, the person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings. If temporary detention is sought under paragraph (1)(B), the person has the burden of proving to the court that he is a citizen of the United States or is lawfully admitted for permanent residence.

18 U.S.C. sec. 3142(d).

**2.** This section provides that:

(f) Detention hearing.—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the person as required and the safety of any other person and the community in a case—

(1) upon motion of the attorney for the Government, that involves—

(A) a crime of violence;

(B) an offense for which the maximum sentence is life imprisonment or death;

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or section 1 of the Act of September 15, 1980 (21 U.S.C. 955a); or

(D) any felony committed after the person had been convicted of two or more prior offenses described in subparagraphs (A) through (C), or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) if a circumstance giving rise to Federal jurisdiction had existed; or

(2) Upon motion of the attorney for the Government or upon the judicial officer's own motion, that involves—

(A) a serious risk that the person will flee;

(B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the Government may not exceed three days. During a continuance, the person shall be detained, and the judicial officer, on motion of the attorney for the Government or on his own motion, may order that, while in custody, a person who appears to be a narcotics addict receive a medical examination to determine whether he is an addict. At the hearing, the person has the right to be represented by counsel, and if he is financially unable to obtain adequate representation, to have counsel appointed for him. The person shall be afforded an opportunity to testify, to present witnesses on his own behalf, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise. The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. The facts the judicial officer uses to support a finding pursuant to subsection (c) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence. The person may be detained pending completion of the hearing. 18 U.S.C. sec. 3142(f).

**3.** Moncada also contends that he was denied his right to cross-examine witnesses and to present evidence at the November 14 hearing. Our review of the transcript of that proceeding convinces us that this argument is without merit.

*v. Malekzadeh,* 789 F.2d 850, 851 (11th Cir.1986); *United States v. Hurtado,* 779 F.2d 1467 (11th Cir.1985). Therefore, considered by itself, the ten-day delay between Moncada's arrest and the November 14 hearing might seem to violate the statutory provision. However, during that ten-day period Moncada was lawfully detained pursuant to the temporary detention provisions of 18 U.S.C. sec. 3142(d). The statute permits this temporary detention in order to permit the court to notify other legal authorities who might have a reasonable interest in the custody of the detainee. Thus, because of Moncada's illegal status, he was properly detained in order to permit the court to notify the appropriate officials of the Immigration and Naturalization Service.

The issue presented is whether the ten-day delay, which is permitted under sec. 3142(d)(1)(B), violates sec. 3142(f). The plain language of the statute leads us to conclude that it does not. Section 3142(d) provides that "if the official fails or declines to take the person [detained] into custody during [the ten-day] period, the person shall be treated in accordance with the other provisions of this section." This language makes clear that an order of temporary detention does not preclude separate consideration of detention pending trial under subsection (f). When the government is entitled to obtain a temporary ten-day detention and a hearing is then held to determine whether a further detention is necessary pending trial, the defendant has not suffered any additional loss of liberty. He has been validly detained pursuant to subsection (d) and the delay in affording him a subsection (f) hearing in no way aggravates that detention.

4. We note that the circuits are in disagreement as to the operative effect of the ten-day temporary detention. The First, Fifth and District of Columbia Circuits have determined that the subsequent pretrial detention hearing must be held within the ten-day temporary detention period. The Seventh Circuit, however, has concluded that the ten-day period of sec. 3142(d) tolls the running of the limited continuance provided under subsection (f). Consequently, the Sev-

The interpretation we adopt today has been uniformly followed by the other circuit courts of appeal which have considered the issue. *See e.g., United States v. Vargas,* 804 F.2d 157 (1st Cir.1986); *United States v. Bercerra-Cobo,* 790 F.2d 427 (5th Cir.1986); *United States v. Lee,* 783 F.2d 92 (7th Cir.1986); *United States v. Alatishe,* 768 F.2d 364 (D.C.Cir.1985). Consequently, we hold that detention without bail until trial need not be demanded at the first appearance of an alien at a temporary detention hearing, but may be sought by the government at a subsequent hearing held within the ten-day temporary detention.[4] Accordingly, in the instant case, the hearing was timely.

For the foregoing reasons, we affirm the district court judgment refusing to release Moncada on bail pending trial.

AFFIRMED.

enth Circuit would permit a pretrial detention hearing to occur any time within three days or five days after the termination of the temporary detention depending upon which party requested the continuance. We need not resolve this issue in the instant case because Moncada's subsequent pretrial detention hearing was within the ten-day detention period and therefore proper under either interpretation of the statute.